## LASSEN v. VANCE.

Where A, who is a married man, is occupying premises as the tenant of B, and concludes to purchase the same, and to do so borrows the whole of the purchase-money from C, and to secure the payment thereof to C, mortgages the premises to him, but the wife does not sign the mortgage: *Held*, that the homestead right was subject to the mortgage.

The deed and mortgage being simultaneous, were but parts of the same transaction.

It would seem, under the circumstances, that neither the husband nor his wife, had either legal or equitable right to the premises.

APPEAL from the Superior Court of the City of San Francisco.

Plaintiff filed his bill for the purpose of foreclosing a mortgage, executed by defendant Vance.,

The facts of the case as developed by a special verdict, are as follows:

That on the fourth day of January, 1855, the defendant gave a mortgage on a lot in San Francisco, to secure the payment of the sum of three thousand dollars.

That the defendant was then a married man of family, and had lived in the lot with them some two years, as a tenant of Francis Mellus: that there were two dwelling-houses thereon, both built by defendant while holding under a lease from Mellus, in one of which he resided at the date of the mortgage, and continues to reside; that his wife did not sign the mortgage; that simultaneously with the execution of the mortgage, a deed was made by Mellus to the defendant, but dated on the third of January, 1855, for the premises in question, and the money which the plaintiff loaned the defendant and secured by the mortgage, was paid to Mellus, in consideration for the deed then made. That at the time the mortgage was given, the defendant had possession of other property on the same street, and was considered well off. That the mortgaged premises were not worth more than five thousand dollars.

The Court granted the decree of foreclosure, and the defendants Vance and wife appealed.

*Chas D. Judah* for Appellant.

The statute which exempts the homestead from forced sale, provides that such exemption shall not extend to a mortgage executed for the purchase-money.

It is contended by the respondent that this is one of the excepted cases, and that a resulting trust is established in favor of Lassen by the evidence.

We say not. That Lassen was in no way privy to the passing of the estate. He was not a vendor, but a money-lender, taking his interest upon a loan made to Vance, with security for the money.

Purchase-money is that which is defined by the authorities to be that which passes between vendor and vendee. 13 Ohio R., 148, Stansell *v.* Roberts.

This case is directly in point. The Court say in that case:

"Neither can the benefit of the lien or the purchase-money be claimed by Jennings. He loaned the money to Roberts to make the first payment on the land. The purchase-money is what passes between the vendor and vendee, and the lien is the right of the vendor to look to the thing sold for the price for which it was sold. But money advanced by a third person, to enable the purchaser to buy, is no part of this transaction, nor is he who advances privy to the sale, nor can it be construed into a resulting trust, that exists where land is purchased with the money of another. But this purchase was made by Roberts, with his own money, borrowed from Jennings."

This case is similar to the one at bar. The case shows, page 155, that the money was loaned by Jennings to Roberts, "and paid over to the vendor, for the land; that it was borrowed for that purpose, and so appropriated."

The jury find, in the case at bar, that ".the money which the plaintiff loaned the defendant, was paid to Mellus, in consideration for the deed then made."

In the case of Davis *v.* Peabody & Hoyt, 10 Barb. S. C. Rep., page 91, the Court say, in construing the New York statute declaring that the exemption of property therein authorized shall not extend to an execution on a demand for the purchase-money of such property, etc.:

" But the words purchase-money, in such proviso, should be held to mean the original demand for the property sold, as distinguished from the demand on the security, given for the payment of the purchase price."

In the case of Godeffroy *v.* Caldwell, 2 Cal. Rep., page 493, this Court say:

"One who advances money as a loan, although it is expressly for the payment of materials and labor devoted to the erection of a building, can have no claim to the benefit of a mechanics' lien law."

The plaintiff, Lassen, contends that he has an equitable lien

upon the land. In other words, that there is a resulting trust in his favor, which is analogous to that of a vendor's lien, and cites cases of dower to show that the wife is barred in cases of instantaneous seizure.

Every case that can be cited to establish a resulting trust, or bearing upon this question of dower, will show—

1. That in cases of resulting trust, the money with which the estate was purchased was, of strict right, the money of him who sets up the trust, and the whole doctrine of trusts proceeds upon the fact that the application of the trust-money was for the benefit, exclusively, of the owner of the money, and that it would be a fraud for a party occupying the position of an agent, trustee, or any other fiduciary capacity, to retain the property of another. Any other case of resulting trust in the books will be found to rest upon the express agreement of the parties, made at the time of the purchase, and there must be evidence clear, establishing such agreement. See Forsyth v. Clark et al., 3 Wendell, 637. .

In the case of Stow v. Teft, 15 Johnson Rep., 462, which is a case of dower, Mr. Justice Spencer says:

"I am authorized to say, by the decision of this Court," etc., "that where two instruments are executed at the same time between the same parties, relative to the same subject-matter, they are to be taken in connection as forming the several parts of one agreement."

In this case the vendee executed to the vendor, simultaneously with the conveyance to him, a mortgage to secure the purchase-money ; the Court held the widow barred.

Mr. Chief Justice Thomson dissented; but see 4 Monroe Ken. Rep., Tevis v. Steele, 339, 340, and McClure v. Harris, 12 B. Monroe, 266.

In the case of Jackson v. Beebe, 15 John. R., 477, cited by respondent, the mortgage was executed for the purchase-money, but not to the vendor, but the case turned upon a statute relating to judgments obtained previously against the purchaser.

*McDougall, Aldrich & Sharpe* for Respondent.

The deed and mortgage having been executed and delivered simultaneously, were one and the same transaction. There was no time at which the homestead claim could attach. The law, as settled in regard to claims for dower, under like circumstances, must govern this case. There is no difference whatsoever, in principle, between the two classes of claims, when set up under circumstances like the present. 1 Sand. Ch., 76 ; 4 Mass., 566; 15 Johns., 458; 14 Mass., 351; 15 Peters, 21; 4 Leigh, 30 ; 5 Cal., 455.

The appellants, up to the time of the execution and delivery of the deed and mortgage, had occupied the premises under

Lassen *v*. Vance.

lease from the vendor of Vance. They had no title, or claim of title to the premises, and no claim or right of homestead could attach during the tenancy. The mortgage having been executed at the same time with the deed, the premises passed to Vance, encumbered with the mortgage. 6 Texas R., 303; 11 Texas R., 346.

The respondent having furnished the money to Vance, with which the premises were purchased by him, is protected by the provision of the statute, which dispenses with the signature and acknowledgement of the wife, when the mortgage shall be "executed to secure the payment of the purchase-money." Act to exempt the homestead, etc., Comp. Laws, p. 850, § 2.

Burnett, J., delivered the opinion of the Court—Terry, C. J., concurring.

The defendant, James Vance, resided, with his wife, upon certain premises as the tenant of Francis Mellus, for some two years prior to the fourth of January, one thousand eight hundred and fifty-six. On that day, defendant, James Vance, borrowed of plaintiff three thousand dollars, and executed to him a note, and a mortgage upon the premises, and at the same time took from Mellus a conveyance to himself. The money borrowed of the plaintiff was paid to Mellus for the lot. The defendant James Vance, and wife, continued to reside upon the premises, and claimed the right of homestead as against the mortgage to plaintiff. The Court below decreed the sale of the mortgaged premises, and Vance and wife appealed to this Court.

It would seem that the defendants, Vance and wife, have neither an equitable or legal right of homestead in the mortgaged premises. The deed from Mellus to James Vance, and the mortgage from him to plaintiff were simultaneous acts, and the money borrowed was the entire amount paid for the lot. The money of plaintiff paid for the lot, and it certainly would be an exceedingly harsh rule of law, that would defeat his mortgage upon the very property purchased with the money furnished by himself.

In his Commentaries, Chancellor Kent says:

"A transitory seizin for an instant, when the same act that gives the estate to the husband conveys it out of him, as in the case of a conusee of a fine, is not sufficient to give the wife dower. Nor is the seizin sufficient when the husband takes a conveyance in fee, and at the same time mortgages the land back to the grantor, or to a third person, to secure the purchase-money, in whole or in part." 4 Kent, 39.

The doctrine laid down by the learned American commentator was fully sustained by the Supreme Court of the United States in the case of Mayberry *v*. Brien and others, 15 Peters,

21.  Also, by other cases.  1 Sanford Ch. R., 76; 4 Leigh, 30; 15 John. R., 458; 4 Mass. R., 30; 6 Texas, 303.

The deed and mortgage being simultaneous, were but parts of the same transaction.  15 Johns. R., 462; 4 Mass. Rep. 569; 12 Mass., 352.

Judgment affirmed.