No. 6226.

LOUISE B. WILLISTON AND HUSBAND VS. SCHMIDT & ZEIGLER.

This injunction was obtained by the wife nine days after the sale of a certain piece of property to prevent the sheriff from putting the purchaser in possession. It is based on the claim of the wife to a homestead. The order of seizure and sale had been issued on a mortgage given to secure the purchase price. Besides, to secure the same debt there existed the vendor's privilege. Therefore this case can not be embraced in the homestead act, section 1692 of the Revised Statutes. Furthermore, if the wife had possessed any such right, she should have asserted it before the sale.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *James L. Cole*, Parish Judge, acting for District Judge *Dewing*, recused. *A. & E. B. Talbot*, *Barrow & Pope*, and *Merrick, Race & Foster*, for plaintiff and appellee. *Samuel Matthews* and *James H. Grover*, for defendants and appellants.

LUDELING, C. J. This is an injunction suit to prevent the sheriff from putting the purchaser in possession of the dwelling-house and one hundred and sixty acres of land, which had been sold under an order of seizure and sale, issued on a mortgage given to secure the purchase price. To secure the same debt there existed the vendor's privilege. The injunction was obtained nine days after the sale, and it is based on the claim of the wife to a homestead. On the day of sale, the sheriff

was requested, in writing, to notify all persons making bids on the property offered for sale that the judgment debtor would take legal steps to enforce her right to a homestead on the property.

Elaborate briefs have been filed in this case to show that a wife may be the head of a family during the existence of the marriage, and that in such a case she is entitled to the benefit of the homestead law, but we do not deem it necessary to examine that question in this case, inasmuch as the property was sold to pay the purchase price, and was therefore not embraced in the homestead act.

Section 1692 of the Revised Statutes declares : " No property shall, by virtue of this act, be exempt from sale for non-payment of taxes or assessments levied pursuant to law, *nor for debts contracted for the purchase price of said exempted property,* nor for money due for rents, bearing a privilege on said property under existing laws." Besides, if she had any such right, she should have asserted it before the sale.

It is therefore ordered and adjudged that the judgment of the lower court be reversed, and that there be judgment in favor of the defendants dissolving the injunction and for one hundred and fifty dollars damages against the plaintiff and her surety on the injunction bond, *in solido,* and for costs of suit. ·

Rehearing refused.