Laidley v. Aikin.

LAIDLEY V. AIKIN *et al.*

**Mortgage for Purchase Money:** SUPERIOR TO PRIOR JUDGMENT.
Where the vendee of land had a bond for a deed, obligating the
vendor to execute a deed upon payment of the purchase money,
and the vendee on a certain day borrowed portions of the pur-
chase money of two different persons, which was paid directly to
the vendor, and took a deed from him for the land, and executed
two mortgages upon the land to secure the payment of the bor-
rowed money, and all this was done as parts of the same transac-
tion, *held* that the mortgages were given for purchase money, just
as if they had been made to the vendor and by him assigned to the
mortgagees, and that they were superior in equity to a prior
judgment against the vendee. (See opinion for citations.)

*Appeal from Madison District Court.*—HON. J. H.
HENDERSON, Judge.

FILED, MAY 16, 1890.

THIS is an action in equity for the foreclosure of
two mortgages upon certain real estate. The defendant
McCall is the owner of a judgment which he claims is a
lien on the land superior to the mortgages. The district
court determined that the mortgages were the prior
lien, and the defenant McCall appeals.

*A. W. C. Weeks*, for appellant.

*V. Wainwright*, for appellee.

ROTHROCK, C. J.—The record shows that on the
twenty-second day of June, 1881, the defendant Mary
E. Aikin made a contract with T. C. Gilpin for the pur-
chase of eighty acres of land. She paid Gilpin two
hundred dollars in cash, and for the balance of the pur-
chase money she gave him her four promissory notes
payable at different dates. The last note became due
July 1, 1884. The whole consideration agreed to be
paid for the land was $1,168.50. Gilpin executed to

Laidley v. Aikin.

said Mary E. Aikin a title-bond, by which he agreed' to make conveyance of the land upon payment of the purchase money. On the fifth day of February, 1884, Gilpin made a deed of the land to Mrs. Aikin, and on the same day she made a mortgage thereon to Justus B. Johnson for eight hundred dollars, and another mortgage to Joshua Aikin for four hundred and fifty dollars. The deed and the mortgages were all filed for record on the fifteenth day of February, 1884, and, so far as appears, at the same time, except that it is recited in the mortgage to Joshua Aikin that it is subject to the mortgage to Johnson. Both mortgages are now owned by the plaintiff herein. On the eleventh day of April, 1882, the defendant McCall recovered a judgment against Mary E. Aikin for three hundred and forty-six dollars, and for costs and attorney's fees. The question to be determined is whether the mortgage liens are prior and superior to the lien of the judgment.

It appears from the evidence in the case that T. C. Gilpin is an attorney and loan broker, and that he had been placing loans upon real estate for the mortgagee, Johnson, who is a resident of the state of New York. This loan from Johnson was negotiated in the usual way, and the money realized from the loan was paid directly to Gilpin as a part of the purchase money of the land. Aikin made his loan to pay the balance of the purchase money, and the money was paid to Gilpin. If Mary E. Aikin had borrowed the money of the mortgagees as an independent transaction, and without reference to her indebtedness for the land, and executed the mortgages, it may be that the judgment would be a prior lien. But the borrowing of the money and the making of the deed and mortgages were all parts of the same transaction. The fact is, Mrs. Aikin did not receive any of the money. It was applied directly to the payment of the purchase money. If the mortgages had been given to Gilpin, there can be no question that they would have been liens prior to the judgment; and it is a well-settle equitable rule that,

where a purchaser of land, at the time he receives the conveyance, executes a mortgage to a third person, who advances the purchase money for him, such mortgage is entitled to the same preference over a prior judgment as it would have had if it had been executed to the vendor himself. This is the rule announced in *Kaiser v. Lembeck*, 55 Iowa, 244, and in the cases therein cited. It is not essential that there should be a prior agreement between the parties to give the mortgages priority. No such condition is necessary. When all the acts of the parties appear to be parts of one transaction, "in its legal effect it is the same as though the purchaser had executed a mortgage to the vendor for the purchase money, and he had assigned it to the party advancing the money." *Haywood v. Nooney*, 3 Barb. 645. And the fact that Gilpin had previously contracted to convey the land does not affect the right of the parties. The money loaned by the mortgagees was applied in payment of the purchase money, just the same as it would have been if the contract of purchase had been made at the same time that the deed and mortgages were given. We think the decree of the district court should be

