[No. 14344.    Department Two. — September 19, 1891.]

## S. G. BLAISDELL, RESPONDENT, v. S. A. McDOWELL, APPELLANT.

CHATTEL MORTGAGE — HOTEL FURNITURE — "PURCHASE-MONEY " — MORTGAGE TO LENDER. — A mortgage given upon hotel furniture by the purchasers thereof, to a lender of money, who advanced it expressly to enable the purchasers to buy the furniture from the vendors, is a mortgage given to secure the "purchase-money," within the meaning of section 2955 of the Civil Code, and is valid.

ID. — CONSTRUCTION OF CODE. — Section 2955 of the Civil Code, providing upon what articles chattel mortgages may be made, should be reasonably and liberally construed, with a view of executing the evident design of the legislature in enacting it.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*L. L. Boone*, for Appellant.

The mortgage is void, because it was not given for the purchase-money of the furniture mortgaged, but for money borrowed of the mortgagee. (Civ. Code, sec. 2955; *Dufficy* v. *Shields*, 63 Cal. 332.) " Purchase-money" is that which passes between the vendor and vendee. (*Stansell* v. *Roberts*, 13 Ohio, 148; 42 Am. Dec.

193; *Davis* v. *Peabody*, 10 Barb. 91; *Buckingham* v. *Nelson*, 42 Miss. 417; *Shephard* v. *Cross*, 33 Mich. 97; 1 Freeman on Executions, 2d ed., sec. 217.)

*M. S. Babcock*, for Respondent.

McFARLAND, J. — The main question in this case — and the only one requiring notice — is, whether a certain mortgage of hotel furniture, executed by George W. Butterfield and William P. Baker to Bryant Howard, is valid under section 2955 of the Civil Code.

The facts in the case are these: Butterfield and Baker, being desirous of purchasing about fifteen hundred dollars' worth of furniture for the Arlington Hotel, in San Diego, made arrangements with Howard to advance the money with which to buy the furniture, agreeing to give him a mortgage on the same as security. It was specially understood between them that the money to be advanced by Howard was to be used by Butterfield and Baker in purchasing said furniture. For this purpose, Howard deposited fifteen hundred dollars in bank to their credit, and they paid for the furniture by drawing checks against said deposit. When the furniture was in the hotel they gave the mortgage to Howard, the mortgage being in form as provided by the code, and duly recorded.

Said section 2955 of the Civil Code provides that "mortgages may be made upon: . . . . 8. Upholstery and furniture used in hotels, lodging or boarding houses, when mortgaged to secure the purchase-money of the articles mortgaged"; and appellant (defendant in the court below) contends that the mortgage here in question was not given to secure the "purchase-money" within the meaning of that section. His contention is, that as, under the general rule, mortgages of personal property are void unless there is a change of possession, the statutory provision which alters that rule must be strictly construed, and applied only to cases where the mortgage runs directly from the purchaser to the seller to secure

the amount agreed to be paid by the former to the latter. But if the statute is to have a literally strict construction, it is difficult to see why the phrase "to secure the purchase-money" does not as closely apply to *money* by which the purchase was made as to the case of a *debt* where no money was used. But the section of the code in question should have a reasonable construction, with a view of executing the evident design of the legislature in enacting it. While the language used should not be strained to include cases clearly not embraced by it, the meaning to be given to it should not be so narrowly circumscribed as to exclude cases clearly within it. The evident intent of the legislature was to encourage certain kinds of business by allowing persons to procure certain personal property necessary to the business, by giving a mortgage lien upon the property itself; and money advanced for the express and special purpose of procuring such property is as much within both the spirit and letter of the law as a debt incurred immediately to the seller. If Howard had gone through the form of buying the furniture from the sellers and selling it again to Butterfield and Baker, there could have been no question about the validity of the mortgage; but surely the law does not require such a vain thing to be done when it so clearly appears that the advance of the money and the purchase of the furniture were, substantially, one transaction. No other state has a statute similar to the one here under review; but one or two authorities have been cited where, with respect to property exempt from execution, "purchase-money" has been given a meaning similar to that contended for by appellant. We think, however, that the case at bar should be governed by the principle applied in *Lassen* v. *Vance*, 8 Cal. 271, 68 Am. Dec. 322, which was a contest between a homestead claimant and one holding a mortgage for the money which he had advanced for the purchase of the land. In that case the court say: "The money of the plaintiff paid for the lot, and it would be an exceedingly harsh rule of law that would defeat his mortgage upon the very property pur-

chased with the money furnished by himself." It is true that the court said that the deed and the mortgage were " simultaneous acts "; but the same was, practically, the case with the purchase of the furniture in the case at bar.

Judgment affirmed.

DE HAVEN, J., and BEATTY, C. J., concurred.

Hearing in Bank denied.