FIRST NATIONAL BANK OF VAN HOOK, NORTH DAKOTA, a Corporation, Appellant, v. D. HOMER ZOOK, Citizens Bank of Minot, North Dakota, a Corporation, Respondent.

(196 N. W. 507.)

**Homestead — entryman may acquire homestead exemption before patent issued.**

1. An entryman, who lives with his family under a certificate of entry up-

on government land, for the purpose of ultimately obtaining from the Federal government a patent thereto, under the United States homestead statutes, may acquire a homestead right in the premises, under chapter 51 of the Civil Code, Comp. Laws 1913, relating to homestead exemptions, before proof is made or a patent is issued.

**Homestead — mortgage securing "debt created for purchase" of homestead valid, although mortgagor's wife does not join.**

2. A loan by a third party to the purchaser of a relinquishment from an entryman, made for the purpose of purchasing the relinquishment and with the intent and understanding that the purchaser will establish a home upon the premises, is a debt "created for the purchase price" of a homestead, within the provisions of § 5607, Comp. Laws 1913, and a mortgage to such third party to secure the loan, executed simultaneously and as a part of the same transaction, is valid and enforceable, although the wife of the mortgagor does not join in the execution thereof.

**Mortgages — holder of preliminary mortgage could add subsequent advancements to amount of his lien as against subsequent mortgage.**

3. The holder of a preliminary mortgage, under the facts stated in the opinion, may advance to the mortgagor the amount of money necessary to make complete proof to the Federal government and procure a patent to the land and may add such advance to the amount of his lien.

Opinion filed December 8, 1923.

Homesteads, 29 C. J. § 152 p. 845 n. 43 New; § 279 p. 894 n. 92. Mortgages, 27 Cyc. pp. 1060 n. 57; 1074 n. 39 New. Public Lands, 32 Cyc. pp. 819 n. 64, 65; 822 n. 78, 80; 1067 n. 58.

Appeal from the District Court in and for Mountrail County, North Dakota, *Lowe, J.*

Reversed.

*C. N. Cottingham,* for appellant.

As a general rule, subject to qualifications, to be stated in subsequent paragraphs, the homestead exemption may be claimed in any estate which the debtor may have and which is liable to seizure and sale on execution for payment of his debts. The homestead law was designed to embrace "all estates liable to such sales." 15 Am. & Eng. Enc. Law, 2d ed. 556.

"An entryman acquires by homestead entry the right of possession and occupancy of the land homesteaded, subject to the fulfilment by

him of the Federal law requiring his residence upon and cultivated upon and improvement of the land so held. And upon his compliance with the law in such particulars for the period of five years from and after his homestead entry, the inchoate right to the legal title becomes in fact a full equitable title to the land so homesteaded. Such equitable title, however, on final proof of his compliance with the homestead law, when made through the proper channels provided for by the Federal government is merged in the government patent to the land, which patent is issued upon the approval of the final proof, and as the last act necessary to be performed to transfer the legal title to the entryman. This act of executing and delivering the patent is held to be but a ministerial act. The foregoing described the legal status of the homesteader's right from the inception of his right by homestead entry until legal title is vested in him by the government patent to the land homesteaded. At no state of these proceedings up until the homesteader fully complied with the homestead act by residence upon, cultivation and improvement of his homestead for the full period of five years has he the full equitable right to the land homesteaded; but upon the expiration of such time, and upon such compliance with the law, he has the full equitable title to his homestead land, subject only to the defeasance by his death before final proof, or failure to make final proof as provided by law." Adams v. McClintock, 21 N. D. 483, 131 N. W. 394.

"Where the holder of a mortgage upon a homestead on which final proof has not been made, in order to protect the security of his mortgage, advanced, on behalf of the homesteader, the government purchase price of the homestead, and where the mortgagor avails himself of the benefits of the payment and receives the patent with full knowledge thereof, the amount so advanced may be added to the mortgage, and the mortgagee becomes subrogated to the right of the government to treat the land as security for the payment." Anderson v. Kain, 40 N. D. 632, 169 N. W. 501.

*B. H. Bradford,* for respondent.


JOHNSON, J. This is an appeal from the district court of Mountrail county. The plaintiff brought an action against the defendant, Zook, joining other persons and corporations as defendants, to foreclose a mortgage upon real property. The defendants, other than the

Zooks, are lienholders or holders of mortgages which are claimed by the plaintiff to be liens inferior to that of its mortgage. The court found generally against the plaintiff and in favor of the defendant, the Citizens Bank of Minot, holding that the mortgage of the last-named bank was superior to that of the plaintiff and appellant.

The facts are as follows: On December 5, 1916, the defendant, Zook, purchased a relinquishment from an entryman on the land described in the mortgage involved in this controversy; on the same day, he borrowed $1,290 from the assignor of the appellant and executed the mortgage in suit to secure the loan. The money was paid to the vendor of the relinquishment on the same day, and it seems from the evidence that the relinquishment was executed and delivered at the same time. The transaction took place in the offices of the assignor of the plaintiff and the loan was made and the money borrowed for the purpose of purchasing the relinquishment with the intention on the part of the Zooks to establish their home upon and acquire a homestead right in the premises described in the mortgage. This was known and understood at the time by the mortgagor and the mortgagee. The mortgagor was married, but his wife did not join in the execution of the mortgage. At the time of the execution of the mortgage and the procuring of the loan and the purchase of the relinquishment, the mortgagor had not moved upon the land and it appears that he and his wife subsequently established their home upon the premises. The mortgage was recorded in the office of the Register of Deeds on December 20, 1916. On the 28th day of January, 1921, the wife of the mortgagor signed the mortgage and the note.

On the 24th day of September, 1917, the Zooks executed a promissory note in the sum of $2,117.65 to the defendant, the Citizens Bank of Minot, and at the same time executed a mortgage upon the premises occupied by them, securing the same. This mortgage was, on the 3d day of October, 1917, filed for record in the office of the register of deeds. The contest for priority is between these mortgagees.

It appears that sometime during the month of April, 1919, the appellant furnished the money necessary to complete the proof and make the payment required therefor, with the result that the Zooks became entitled to a patent from the government to the premises. The appellant claims a lien upon the premises to secure this advance.

The respondent, the Citizens Bank of Minot, contended in the trial court that the mortgage sought to be foreclosed by the appellant was inferior to the mortgage executed by the Zooks on the 24th of September, 1917, because the wife of the mortgagor did not join in the execution of the first mortgage; it also contended that the advance to the Federal government to make the payment necessary in order to obtain the patent was a voluntary payment, was made without the request or consent of the Zooks, that they received no benefit therefrom, and that the appellant was not entitled to a lien upon the premises as security therefor. The trial court sustained both of these contentions and held that the lien of the respondent bank was superior to that of the appellant.

In the trial court, the appellant invoked the statute of limitations against the respondent bank (Comp. Laws, 1913, §§ 5609, 5610) contending that the Zooks had abandoned the homestead premises more than two years prior to the commencement of the action and that the respondent bank was precluded from attacking the validity of the appellant's mortgage on the ground that it covered homestead property and was of no effect, inasmuch as it was not executed by both husband and wife. The trial court held against the appellant and found that there was no abandonment of the premises by the mortgagors.

Appellant contends, among other things, that the statutory homestead right could not attach, under the circumstances, because the Zooks had not complied with ` conditions entitling them to a patent from the Federal government and had, at most, an inchoate right to such a patent, provided they made proof in due form and complied with all the requirements of the Federal government. He then says that, inasmuch as the homestead right did not attach, it was not necessary that the wife join in the mortgage.

There are some legal questions raised on this appeal that have not been heretofore decided by this court. The primary questions seem to be:

(1) May an entryman, who lives with his family, under a certificate of entry, upon government land, for the purpose of ultimately obtaining from the Federal government a patent thereto, acquire a homestead right in the premises under chapter 51 of the Civil Code, Comp. Laws, 1913, before such proof is made or the patent is issued?

(2) Is a loan by a third party to the purchaser of the relinquishment from an entryman, such loan being made for the purpose of purchasing such relinquishment and with the intention and understanding that the borrower will establish a home upon the premises, a debt "created for the purchase price" of a homestead, within the provisions of § 5607, Comp. Laws 1913? To state the matter differently: Is a third person, who furnishes the purchase money with which the relinquishment is purchased from an entryman, and for the purpose of establishing a home on the premises, entitled to the same rights as the vendor, under § 5607, subd. 3, supra?

(3) May the appellant, holder of a preliminary mortgage, under the facts in the record, advance to the mortgagor the amount of money necessary to make complete proof to the Federal government and procure a patent to the land and add such advance to the amount of his lien?

It is urged by the appellant that the Zooks cannot claim a homestead under the circumstances. We are unable to see any merit in this contention. The entryman who holds a homestead certificate from the United States government has a possessory right to the premises which he can successfully maintain against all the world, except against the United States government and "persons claiming by legal and equitable title under it." 32 Cyc. 821, 822. The primary purpose of the government in opening its vast public domain under the homestead laws was to enable individuals to acquire and own homes; the purpose of the state homestead laws was to preserve the home, howsoever acquired, to the family, regardless of prodigality or misfortune. The wisdom which dictated the policy of the homestead exemption laws did not measure the right to claim a homestead by the quality of the title to the premises which the claimant might have. The beneficent purpose of these and cognate statutory enactments is to build a protective barrier around the home calculated to save it for the family, alike against the improvidence of the head of the household and the sweeping tide of calamity or financial disaster. Whether the right of the claimant to the premises be in fee, or possessory merely under the United States homestead laws, is wholly immaterial: it is equally the purpose of the homestead exemption laws to preserve the premises as the family home. The homestead right "is impressed on the land to the ex-

tent of the interest of the claimant in it, who has the actual and rightful possession of the premises. . . ." Gaylord v. Place, 98 Cal. 472, 33 Pac. 484; Watterson v. E. L. Bonner Co. 19 Mont. 554, 61 Am. St. Rep. 527, 48 Pac. 1108; State ex rel. Meinzer v. Diveling, 66 Mo. 375; Griffin v. Chattanooga Southern R. Co. 127 Ala. 570, 85 Am. St. Rep. 143, 30 So. 523; see also Myrick v. Bill, 5 Dak. 167, 37 N. W. 369. "It attaches to the purchaser's equity in the land, whatever it may be." Roby v. Bismarck Nat. Bank, 4 N. D. 156, 160, 50 Am. St. Rep. 633, 59 N. W. 719.

In Roby v. Bismarck Nat. Bank, supra, this court held, construing § 5607, Comp. Laws 1913, that the vendor has a lien on the property for the purchase price and that it is not necessary that both husband and wife sign the mortgage in order to make it valid and enforceable. If, therefore, the appellant in this case is in the position of a vendor, inasmuch as it furnished the money for the purpose of purchasing the relinquishment of the homestead property, it follows that the mortgage was valid, although not executed by the wife of the mortgagor.

While the holder of the homestead certificate can, by sale of the relinquishment, convey no interest in the land, the possessory right and whatever improvements he may have made are subjects of legitimate bargain, sale and transfer. 32 Cyc. 1067. We see no reason why the vendor of such relinquishment should not occupy the same position, should he take a preliminary mortgage on the premises, which, under the decisions of this court, becomes vested and enforcible when the patent is issued to the entryman (see Martyn v. Olson, 28 N. D. 317, 321, 322, L.R.A.1915B, 681, 148 N. W. 834; Adam v. McClintock, 21 N. D. 483, 131 N. W. 394) as the vendor of real property who takes a mortgage thereon from the vendee to secure the purchase price. In the case at bar, the vendor of the relinquishment did not take a preliminary mortgage, but the vendee gave such a mortgage to the person who furnished the money for the purpose of purchasing such relinquishment. Under the undisputed facts in this record, the holder of the preliminary mortgage must be held to occupy the position of a person who furnishes the money for the purpose of purchasing a homestead for the mortgagor. It was all one transaction; the money was furnished and the purchase made at the same time. The debt is clearly

"created for the purchase" of a homestead. See Kneen v. Halin, 6 Idaho, 621, 59 Pac. 14.

There seems to be little dissent from the proposition that a mortgage to a third person to secure money advanced for the purpose of paying the purchase price, when contemporaneous with a transfer of the property to the mortgagor, or when it is a part of the same transaction, is a purchase-money mortgage. Magee v. Magee, 51 Ill. 500, 99 Am. Dec. 571; Bugg v. Russell, 75 Ga. 837; Austin v. Underwood, 37 Ill. 438, 87 Am. Dec. 254; Silsbe v. Lucas, 36 Ill. 462; Carr v. Caldwell, 10 Cal. 385, 70 Am. Dec. 740; Lassen v. Vance, 8 Cal. 271, 68 Am. Dec. 322; Van Loben Sels v. Bunnell, 120 Cal. 680, 53 Pac. 266; Nichols v. Overacker, 16 Kan. 54; Pinchain v. Collard, 13 Tex. 333; Clark v. Munroe, 14 Mass. 351; Wheadon v. Mead, 72 Minn. 372, 75 N. W. 598; Jones v. Parker, 51 Wis. 218, 8 N. W. 124; Foster Lumber Co. v. Harlan County Bank, 71 Kan. 158, 114 Am. St. Rep. 470, 80 Pac. 49, 6 Ann. Cas. 44; Stewart v. Smith, 36 Minn. 82, 1 Am. St. Rep. 651, 30 N. W. 430; Laidley v. Aikin, 80 Iowa, 112, 20 Am. St. Rep. 408, 45 N. W. 384; Jackson ex dem. Beebe v. Austin, 15 Johns. 477; Moring v. Dickerson, 85 N. C. 466; Neff v. Crumbaker, 40 Ohio St. 85; Albright v. Lafayette Bldg. & Sav. Asso. 102 Pa. 411; Farnsworth v. Hoover, 66 Ark. 367, 50 S. W. 865; Bunting v. Jones, 78 N. C. 242. To render a purchase money mortgage valid and enforcible, the signature of the spouse of the mortgagor is not essential. Roby v. Bismarck Nat. Bank, supra; Lassen v. Vance, 8 Cal. 271, 68 Am. Dec. 322; Wheadon v. Mead, 72 Minn. 372, 75 N. W. 598; McCarty v. Brackenridge, 1 Tex. Civ. App. 170, 20 S. W. 997; Jones v. Parker, 51 Wis. 218, 8 N. W. 124; Williston v. Schmidt, 28 La. Ann. 416; Cohen v. Ripy, 17 Ky. L. Rep. 1078, 33 S. W. 625; and the lien of such a mortgage is superior to the homestead rights of the purchaser. Foster Lumber Co. v. Harlan County Bank, 71 Kan. 158, 114 Am. St. Rep. 470, 80 Pac. 49, 6 Ann. Cas. 44; Austin v. Underwood, 37 Ill. 438, 87 Am. Dec. 254; Magee v. Magee, supra.

In the mortgage executed on the 24th of September, 1917, to the respondent, the Citizens Bank of Minot, the premises described were declared free of all encumbrances except those of record. The attention of the respondent was thereby drawn to the record and, in effect, this mortgage contained a direct representation by the mortgagors that

they considered the property incumbered. The prior mortgage on record was not absolutely void. The rule in this state is that it is only where a conveyance, duly executed and recorded, is absolutely void that the record thereof fails to impart constructive notice. If the inquiry suggested by the record had been pursued by the respondent, it would have disclosed the fact that the appellant's mortgage was executed to secure the purchase price and was, therefore, valid without the signature of the wife. Roby v. Bismarck Nat. Bank, supra. We are, therefore, constrained to hold that the lien of the respondent's mortgage was inferior to that of the mortgage held by the appellant herein.

The other question raised on this appeal involves the right of the holder of the preliminary mortgage to advance the money necessary in order to make proof and to add the amount so advanced to his lien. The trial court held, as heretofore stated, that the payment was voluntary, without the consent of the mortgagor and without benefit to him. This court held, in Anderson v. Kain, 40 N. D. 632, 169 N. W. 501, that a secured creditor, who advances money to enable the giver of the security to perfect his title to the property which forms the security, may add to the mortgage indebtedness the amount advanced; and that the amount required to be paid the government, in order to make proof, is analogous to a superior lien. The respondent argues in this case that the advance was no benefit to the mortgagor; that, because thereof, he was compelled to pay taxes to the state which otherwise he would not have been required to pay. The mortgagor, Zook, testified that it was satisfactory to him that the advance be made, but he expressly stated that he did not care whether it was made or not, that it was no benefit to him, did not ask that it be made, and that it was immaterial to him whether the government kept the land or the mortgagee got it through foreclosure of its mortgage. Zook submitted his proofs, but did not have the money; he went to town on the day set for the final hearing and took his wife with him. He says that he had no objection to the advance made by the bank so that final proof could be made, but that it was no benefit to him as it was immaterial to him whether the banks or the "government got it" (the land). The cashier of the plaintiff and appellant testifies that appellant became alarmed that the mortgagor contemplated a relinquishment of his right to the premises and thereby

the mortgage lien of the appellant would be rendered useless.     We think, under all the circumstances, and under the holding in the case of Anderson v. Kain, supra, that the appellant was justified in making the advance, in order to perfect the title of the mortgagor; otherwise, its interest, under the mortgage, might be wholly destroyed.     It cannot be said that no benefit resulted to the mortgagor; as a result of the advance, a receipt was delivered, showing payment to the government, as required by law, and apparently the mortgagor became entitled to a patent showing full title in himself to the premises.     In like manner, all other preliminary mortgagees would be benefitted by a perfected title in the mortgagor.     Respondent cannot complain under the facts here.     Foster v. Furlong, 8 N. D. 282, 78 N. W. 986; Comp. Laws 1913, §§ 6702 and 6718.

The judgment of the trial court should be modified in accordance with the views here expressed.     It is so ordered.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur,