**In re Charles Randall LINGERFELT, Mary Jane Lingerfelt, Debtors.**

**Bankruptcy No. 94–14552.**

United States Bankruptcy Court, E.D. Tennessee.

April 7, 1995.

Richard L. Banks, Cleveland, TN, for debtors.

Kennedy, Fulton, Koontz & Farinash, Chattanooga, TN, for the Trustee.

## MEMORANDUM

JOHN C. COOK, Bankruptcy Judge.

This case came on to be heard upon the trustee's objection to the debtors' claim of a homestead exemption. The determinative issue in this case is whether the holder of a remainder interest in a life estate may claim the Tennessee homestead exemption provided for by Tenn.Code Ann. § 26–2–301, which reads in pertinent part:

> An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence.

It is undisputed that the debtor, Mary Jane Lingerfelt, is the holder of a remainder interest in a life estate and that she and her husband live upon the property owned by the life tenant, using it as their principal place of residence. The dispute in this case concerns the statutory requirement that the individual own the real property upon which the exemption is to be claimed. Thus, the precise question in this case is, does the holder of a remainder interest in the life estate of anoth-

er "own" that property within the meaning of the exemption statute?

Although there are no recent Tennessee cases on point, the older cases establish clearly the rule that a homestead exemption may not be claimed in a future estate.

> "With but few exceptions it has been held that a claim of homestead may not attach to either vested or contingent future estates or interests in land. For the reason that land held in remainder is not susceptible of that immediate occupancy which is contemplated by law in order to support a claim of homestead, a homestead may not be claimed therein by the remainderman; and the same rule applies where the remainderman occupies the premises during the life of the life tenant by the latter's permission."

*Butler v. Parker*, 200 Tenn. 603, 293 S.W.2d 174, 178 (1956) (quoting C.S. Wheatley, Jr., *Estate or Interest in Real Property to Which a Homestead Claim May Attach*, 89 A.L.R. 511, 523). In *Howell v. Jones*, 91 Tenn. 402, 19 S.W. 757 (1892), the Tennessee Supreme Court held that the "right of present occupancy" was crucial to a claim of homestead and that a person holding only a remainder interest had no such right and, accordingly, no homestead exemption. To the same effect is *Davis v. Brown*, 62 S.W. 381 (Tenn. Ch. App.1901) ("The defendant [the remainderman] ... did not have the legal right to possession of said land, was not in possession in right of himself, but in right only of his mother [the life tenant] and was not, therefore ... entitled to homestead in said land....").

At the time these cases were decided, the Tennessee homestead exemption statute read somewhat differently. It provided that "[a] homestead or real estate *in the possession of or belonging to* each head of a family ... shall be exempt from execution...." (Emphasis added.) As can be seen, the current statute has dropped the previous requirement that the exemption claimant must be the head of a household, but it has done nothing to ease the requirement concerning the claimant's interest in the property. Previously the claimant had to possess or own the property (it had to "belong" to him or

her). Today the claimant must own the property and actually use it as a residence, so, if anything, the statutory requirements are narrower now that possessory interests no longer suffice: only ownership will do. The old cases decided under a broader statute have not, therefore, been blunted by the changes to the homestead statute, and they must be looked upon as still authoritative. Thus, if a remainderman formerly could not qualify for the exemption because the courts thought that remaindermen did not have an interest in property amounting to possession or ownership ("belonging to"), a remainderman cannot qualify now because his interest in the property would still not amount to ownership, which is the only remaining criterion of tenure under the statute.

One other consideration supports the rule announced in the Tennessee cases. Tennessee Code Annotated § 26–2–302 directly allows a life tenant to claim the homestead exemption by providing that "§ 26–2–301 shall apply to life estates ... which are owned by an individual and used by him, his spouse, or a dependent, as a principal place of residence." Of course, a life estate is by definition an estate held by a life tenant, not a remainderman. The statute, by its existence and terms, shows that the General Assembly directly considered whether to allow homestead exemptions to tenants for life. Had it wished to provide the same treatment to remaindermen, here was the place to do it.

For the foregoing reasons, the court is of the opinion that Tennessee law does not permit a remainderman to claim a homestead exemption in the property to which his or her remainder interest attaches, even though the remainderman may reside on it with the permission of the life tenant. The trustee's objection to the debtors' claim of a homestead exemption will therefore be sustained, and the exemption will be disallowed. An appropriate order will enter.