<hr />

JONES vs. PARKER and another, imp.

*January 12 — February 8, 1881.*

MORTGAGE.  *(1) When treated as given to secure purchase money.  (2) When not subject to dower or homestead rights of mortgagor's wife.  (3) When mortgagee's original rights attach to substituted mortgage.  (4) Who in position to question such rights.*

1. X. negotiated with his father for the purchase of land of the latter, and with plaintiff for a loan of money to make such purchase; and, the three having met for the purpose, the father executed a conveyance of the land to X., plaintiff paid the purchase money to the father, and X. and wife executed to plaintiff a mortgage of the land to secure repayment of the money — the three acts being contemporaneous and parts of one transaction.  *Held*, that the mortgage must be treated in equity as given to secure payment of purchase money.

2. Even if such mortgage had not been signed by the son's wife, it would not have been subject to any homestead right, being given before X. and wife occupied any part of the land as their homestead; nor would it have been subject to the wife's right of dower, being given for purchase money.

3. Afterwards, the mortgage debt being due, plaintiff, for the accommodation of S., who had purchased said land subject to the mortgage, and in pursuance of an agreement between X., S. and himself, released said mortgage, and took a new mortgage of the same land, signed by X. alone, which was understood by all the parties to be intended as a *substitute* for the former mortgage, they being advised that the wife's signature to such

substitute was unnecessary; and S. took a deed of the land from X. and wife, and gave X. a mortgage of the land to secure another part of the purchase money; all said instruments being delivered simultaneously, as parts of one transaction, and it being understood by all the parties that the mortgage from S. to X. was to be subordinate to that of X. to plaintiff. *Held*, that equity will treat said *substituted* mortgage as continuing to plaintiff all the rights he had under the original mortgage, as to homestead and dower.

[4. Whether one who has purchased from X. the mortgage of S., and has forclosed it without making plaintiff a party, is in a position to question the validity of plaintiff's substituted mortgage, *quære*.]

APPEAL from the Circuit Court for *Grant* County.

Action to foreclose a mortgage executed by the defendant A. H. McLaughlin to the plaintiff, dated March 2, 1874, given on 120 acres of land, to secure the payment of $400 and interest. Judgment by default was taken against all of the defendants. Afterwards, on motion of the defendants *Parker* and *Hildebrand*, composing the firm of Parker, Hildebrand & Co., execution of the judgment was suspended as to forty acres of the mortgaged premises, alleged to be a homestead, until it could be determined whether the same was subject to plaintiff's mortgage. An issue was thereupon made, and the question tried. The following findings of fact on such issue (which are fully supported by the evidence) contain a sufficient statement of the case:

"*First*. That on or about September 16, 1865, the said defendant Albert H. McLaughlin purchased from his father, Henry A. McLaughlin, the premises described in the complaint herein.

"*Second*. That as part of the purchase price thereof said Albert H. McLaughlin paid to Henry A. McLaughlin $500, which he borrowed from the plaintiff for that purpose; that said purpose was known to plaintiff at the time the money was borrowed; that said Henry A. McLaughlin, as well as said Albert H. McLaughlin, was present at the time said money was borrowed from plaintiff, and assisted Albert H.

McLaughlin in procuring such loan to be made, in order that it might be paid to him as part of the purchase price of said lands; that a mortgage was then and there executed by said defendants A. H. McLaughlin and wife, to plaintiff, to secure the payment of said sum of $500, so borrowed as aforesaid.

"*Third.* That afterwards, and about the 2d of March, 1874, while said debt was still unpaid and secured by said mortgage, said Albert H. McLaughlin and wife sold and conveyed said premises to the defendants Ole O. Swensend and Peter O. Swensend.

"*Fourth.* That as part of the consideration agreed to be paid by Ole O. and Peter O. Swensend for said premises, they agreed to assume and pay $400 of the said debt to plaintiff, secured as aforesaid.

"*Fifth.* That thereupon said A. H. McLaughlin and Ole O. and Peter O. Swensend met at Lancaster, in said county, to make and deliver the necessary papers to effect the conveyance of said lands to said Swensends upon the terms and conditions aforesaid.

"*Sixth.* That said Swensends wanted more time in which to pay said $400, assumed by them, of the debt to this plaintiff which was then due to him, and that, to accommodate them in that respect, it was agreed by the parties that plaintiff should release the said mortgage which he then held, executed by said Albert H. McLaughlin and wife, and that said A. H. Mc-Laughlin should execute a new one for the same debt, extending the time for payment thereof, at the request of and to accommodate said Swensends, who had assumed and promised to pay the same; that plaintiff objected to taking a new mortgage instead of the former one, unless it should also be signed by said Achsah M. McLaughlin, wife of said Albert H. McLaughlin, she not being present; that all parties were then advised that, as the mortgage was to be in place of another, which was signed by Mrs. McLaughlin, it was not necessary that she should sign this one; and thereupon, as part of one and the

same transaction, the said old mortgage was released and the new one executed by A. H. McLaughlin, but not signed by his wife for the reason aforesaid; and thereupon, also as part of one and the same transaction, the said deed from A. H. Mc-Laughlin and wife to said Swensends, and the said mortgage from McLaughlin to the plaintiff, and the mortgage from said Swensends to said A. H. McLaughlin to secure the payment of $1,000, the remaining unpaid portion of the purchase money of said premises, were simultaneously delivered to the parties respectively entitled thereto.

"*Seventh.* That shortly thereafter said Albert H. McLaughlin transferred the said mortgage so running to him, and which it was agreed and understood was to be subsequent and subject to the lien of said mortgage to plaintiff, to secure a debt due from him of about $216 to said Parker, Hildebrand & Co.

"*Eighth.* That afterwards said Parker, Hildebrand & Co. commenced suit to foreclose said mortgage so transferred to them by said A. H. McLaughlin to secure his said debt to them as aforesaid, to which suit this plaintiff was not made a party, and at the February term, 1878, obtained in this court judgment of foreclosure in said action. . . .

"*Tenth.* That said Albert H. McLaughlin and Achsah M. McLaughlin, his wife, lived on the N. W. ¼ of the N. W. ¼ of section 25, town 7, range 2 west, part of said mortgaged premises, and occupied the same as their homestead down to the time of executing and delivering said conveyance to said Swensends."

The court held, as conclusion of law, that plaintiff's mortgage on the homestead forty acres included in it was paramount to that executed by the Swensends, held by Parker, Hildebrand & Co. Thereupon the court discharged the order suspending the execution of the judgment of foreclosure in respect to such homestead. From the order discharging the former order in that behalf, the defendants composing such firm appealed.

For the appellants there was a brief by *Hazelton & Provis*, and oral argument by *Mr. Provis:*

To be a valid lien or incumbrance upon the homestead, the plaintiff's mortgage must be either a "mortgage lawfully executed" or a purchase money lien. R. S., sec. 2983. It is not lawfully executed, as to the homestead, because not signed by the wife. R. S. 1858, ch 134, sec. 34; R. S., sec. 2203; *McCabe v. Mazzuchelli,* 13 Wis., 478; *Hait v. Houle,* 19 id., 472; *Godfrey v. Thornton,* 46 id., 677; *Kent v. Lasley,* 48 id., 257. The lien for purchase money exists in favor of the vendor only where no separate security is taken. 2 Washb. R. P. (3d ed.), 86; *Willard v. Reas,* 26 Wis., 540. The plaintiff is in no sense the vendor of the land in question. His loan to the mortgagor formed no part of the transaction between vendor and vendee. *Stansell v. Roberts,* 13 Ohio, 148. And the money so loaned was not purchase money, in the sense of the statute. *Nottes's Appeal,* 45 Pa. St., 361; *Spencer's Appeal,* 3 Casey, 218. The vendor was paid in full, and hence could have no lien for unpaid purchase money, which could pass or be assigned to any one. *Skaggs v. Nelson,* 25 Miss., 88. A vendor's lien is founded on a trust existing in his favor; but in this case such a trust in favor of the plaintiff would be inconsistent with sec. 2077, R. S. The mortgage, as to the homestead, being void in law, cannot be treated in equity even as an agreement to convey. *Martin v. Dwelly,* 6 Wend., 9. Nor can the recital in the deed to the Swensends, that the grant to them was subject to this mortgage, operate to give it any validity. The covenants in the mortgage do not estop the mortgagor from denying that title passed thereby. *Connor v. McMurray,* 2 Allen, 202.

*William E. Carter,* for respondent, argued, among other things, that the first mortgage from A. H. McLaughlin and wife to the plaintiff was, in substance, a mortgage to secure the payment of unpaid purchase money. The relations of the parties to each other were precisely the same as if the mort-

gage had been given to McLaughlin the elder, and by him transferred to the plaintiff. It was one transaction, of which the substance, not the form, will be regarded. The signature of the wife to that mortgage was therefore unnecessary. *Kaiser v. Lembeck*, 7 N. W. Rep., 519. So long as that debt remained unpaid, it remained a lien for purchase money, and the signature of the wife would not be necessary to give validity to any subsequent mortgage given merely to renew the first one and secure the same debt.

Lyon, J. Regarding substance rather tnan mere form (which a court of equity will always do), there can be no doubt that the original mortgage executed by Albert H. McLaughlin and wife to the plaintiff was a security for the purchase money of the mortgaged land. Albert negotiated with his father for the purchase of the land, and with the plaintiff for a loan of money with which to pay for it. The three met and together consummated the negotiations. At one time and constituting one transaction, the father executed a conveyance of the land to Albert, the plaintiff paid the purchase money therefor, and Albert and his wife executed to the plaintiff a mortgage upon the land to secure the sum so paid. In substance and legal effect the transaction was the same as though the mortgage had been executed to the father for the purchase money, and by him assigned to the plaintiff.

In a case somewhat like this, but no stronger than is this case for the plaintiff in its facts, the supreme court of Iowa very recently held that a mortgage to secure money advanced under similar circumstances by a stranger to the title is a mortgage for purchase money. The court sustains that view in a well-considered opinion by Rothrock, J., in which many authorities are cited in support of the judgment. *Kaiser v. Lembeck*, 7 N. W. Rep., 519. The mortgage in suit, which was substituted for the original mortgage for the accommodation of Albert and his grantees, the Swensends, is necessarily a

security for purchase money also. The substitution did not and could not change the character of the original transaction. Without the signature of the wife, the first mortgage would have been a valid lien upon all of the land; for, when it was executed, no part of the land was the homestead of the mortgagors. Neither would the wife have had any right of dower as against the mortgage, because it was for purchase money. R. S. 1858, ch. 89, sec. 4; R. S., 626, sec. 2163. If, without the signature of the wife, the first mortgage would have been valid upon the whole of the land, and paramount to her right of dower therein, it is impossible to conceive any equitable rule which would render the substituted mortgage less valid or paramount as against those claiming under the mortgagors. Such a rule would have to rest entirely upon a technicality, and could find no support in the broad and enlightened principles upon which courts of equity administer justice. Furthermore, we incline to the opinion that the appellants are not in a position to contest the validity of the plaintiff's mortgage in any respect. But it is not necessary to determine this proposition, and we do not care to discuss it, for our views on the other branch of the case are decisive of it.

*By the Court.*— The order of the circuit court allowing the judgment of foreclosure to stand against the defendants, as to the alleged homestead, must be affirmed.