## Rose et al. v. The Provident Saving, Loan and Investment Association.

[No. 3,922.    Filed November 26, 1901.]

Mortgages. —*Foreclosure.* —*Priority.* —*Parol Evidence.* —Where, in a. suit to foreclose a mortgage, a cross-complainant seeks to foreclose, on the same property, a mortgage dated one day later, and each party asks that his lien be declared prior, no reformation of either mortgage being asked, a finding upon parol evidence that it was the intention of the parties that cross-complainant's mortgage should be second in priority was not without the issues.  *p. 28.*

Same.—*Agreement to Waive Priority of Mortgage.*—A mortgagee of real estate may waive the prior lien of his mortgage by an agreement that, if another mortgage is subsequently executed, it shall be the first lien.    The fact that the agreement is made for the benefit of a third party does not change the rule.  *pp. 29, 30.*

From Marion Superior Court;  *J. L. McMaster,* Judge.

Suit by Provident Saving, Loan and Investment Association against Hiram E. Rose and others.    From a decree for plaintiff, defendants Hiram E. Rose and Nellie B. Rose appeal.    *Affirmed.*

*W. H. Latta,* for appellants.

*F. T. Edenharter* and *G. F. Mull,* for appellee.

Comstock, C. J.—This suit was instituted by the appellee, The Provident Saving, Loan and Investment Association, to foreclose a building and loan mortgage.    Appellants were named as parties defendant in the complaint.    Appellants Rose and Rose answered in three paragraphs:    (1) In general denial; (2) setting up their mortgage and praying that it be protected as a first lien in the decree of the court; (3) asking that the plaintiff's mortgage be declared void for the reason that it was not recorded in forty-five days.    They also filed a cross-complaint for the foreclosure of their mortgage of $300, and asking that it be declared a first lien on the property and be first paid.    These pleadings were all put at issue by general denials.    The case was tried

by the court, and its conclusions of law stated upon the facts specially found.

The facts material to the decision are as follows: That prior to the dealings in question, appellants Rose and Rose owned the mortgaged property, and one James M. Leathers owned certain other property; that shortly before July 9, 1896, appellants and Leathers began negotiating to exchange properties; these negotiations were oral and an agreement was reached by which the exchange was to be made. Leathers was to borrow $1,700 by the execution of plaintiff's mortgage, and with it pay off encumbrances on the property to be exchanged by him, and a mortgage was also to be given to appellants to secure $300 balance of purchase money. It was agreed that this mortgage to appellants was to be second to the $1,700 mortgage to the Provident Saving, Loan and Investment Association. Leathers declined to consummate the trade unless the title to said real estate so owned by Rose and Rose was conveyed to one Albert C. Jaleski, instead of to him, his object being to avoid personal liability in executing the bond and mortgage which was to be executed to the plaintiff association. To this agreement appellants consented. On July 9, 1896, and prior to the conveyance of the mortgaged property, Jaleski executed the $1,700 mortgage to the Provident Saving, Loan and Investment Association and delivered the same to Leathers, who then was the attorney for the association. The association did not act on the loan until afterwards, on July 12, 1896, when at a meeting of the board of directors of the association, in which Leathers took part, the loan was approved. The mortgage was acknowledged by Jaleski before Leathers, who was at the time attorney for and a member of the board of the association. The building and loan association paid out the $1,700 through Leathers, and applied the money as agreed. On the 10th of July, 1896, Jaleski signed appellants' $300 note and signed and acknowledged appellants' mortgage. The note was for a balance of purchase money. There is in

appellants' mortgage this provision: "The said Albert C. Jaleski having executed a mortgage to the Provident Saving, Loan and Investment Association of Indianapolis, Indiana, dated July 9, 1896, calling for $1,700, it is hereby understood and agreed that if the said Jaleski shall at any time become delinquent for a period of three months in payment of his dues, premium, and interest in said association, the said $300 note secured by this mortgage shall become immediately due and collectible, and this mortgage may at once be foreclosed." On July 11, 1896, appellants deeded the mortgaged property to Jaleski and delivered the deed, and, simultaneously with the delivery of said deed, said $300 note and mortgage were delivered to appellants. Appellants' mortgage was recorded July 18, 1896. Leathers carried out his part of the agreement by deeding his property to Rose. On July 10, 1896, Jaleski signed and acknowledged a deed conveying the mortgaged property to Anton R. Boeckling, trustee, who held the same as trustee for Leathers, until September 15, 1896, when he conveyed it, at the instance of Leathers, to Thomas H. Robinson, who is the present owner. The $1,700 mortgage to the building and loan association was recorded September 15, 1896. That Jaleski was unmarried, and never paid anything on either of the mortgages; that appellants knew when they took their $300 purchase-money mortgage of the signing of the $1,700 mortgage, and it was intended and understood by them that the $1,700 mortgage was to be a first lien. As conclusions of law, the court stated that the $1,700 mortgage was a first lien; that the $300 mortgage for purchase-money was junior thereto. Appellants say that this was error.

The issue in the case is one of priority of liens. The assignment of errors claims that the court erred (1) in its third conclusion of law; (2) in its fourth conclusion of law. More particularly stated, these conclusions are (3) that the lien of the mortgage of the Provident Saving, Loan and Investment Association is paramount to the lien of the

mortgage of said Rose and Rose; (4) that the proceeds arising from the sale of said real estate should be applied to the payment of said liens in the order of said priority.

Counsel for appellants insist that it was not proper to resort to oral evidence, and that the finding of the court that it was the intention of the parties that appellants' mortgage should be second in priority was not within the issue, and that such facts should therefore be disregarded; that the pleadings, complaint, and cross-complaint, proceed upon written instruments, and declare that the relief sought is according to such instruments. Each pleading asks that the lien of the mortgage sued upon be declared superior, not in defiance of, but according to its terms; that there is no prayer in either pleading for the reformation of the written instruments, nor are there any allegations upon which a reformation could be based by the court. No question is presented as to the admissibility of the evidence. No authorities need be cited in support of the proposition that facts found outside of the issues will be disregarded; but in the case before us, where the issue is one of priority, the intention of the parties is material. Each respective pleading asks that the lien of the mortgage made a part thereof be declared superior to the other. For this purpose, a reformation is not necessary. It does not appear from the recitals of appellants' mortgage that it was given for purchase-money; but it is so found, and such recital is not essential to such finding. If two mortgages upon the same real estate are executed simultaneously, only one of which is for purchase money, in the absence of any agreement the mortgage given for the purchase money will be given priority, and such fact could properly be proved by facts outside the mortgage. *Appeal of City Nat. Bank,* 91 Pa. St. 163. The terms of the mortgage are not changed by such proof. If mortgages on the same real estate are executed apparently as disclosed by the instruments upon the same date, it is competent to prove that one was delivered before the other for the purpose of giving it priority.

In *Gilman* v. *Moody,* 43 N. H. 239, the court said: "There was nothing upon the face of the deeds, nor upon any part of them, in writing, to indicate with certainty the purpose or intent of the mortgagor as to priority of right in the mortgagees.    *   *   *   Parol evidence, therefore, must, in this instance, be resorted to to supply the defects of the ordinary sources of proof, which appear, generally, either on the face of the deeds, or in written instructions of the parties interested, and given when the deeds are offered for record. For proof, we must go to the witnesses of these deeds of mortgage, and inquire what was said and done at the time of their delivery.   To whom, in fact, was the first delivery made?   The subscribing witnesses to the deeds may fairly be presumed to know what the parties did, or intended to do. Lamprey, the mortgagor, is a competent witness, and may have been called to testify.   He could have been properly inquired of whether it was his intention to place the several grantees *in equali jure,* or whether a preference was intended or given to either mortgagee."

In *Butler* v. *Bank of Mazeppa,* 94 Wis. 351, 68 N. W. 999, the court said: "There can be no doubt but that, as between the plaintiff and Fowler, the plaintiff's mortgage was the prior lien, notwithstanding the fact that they were apparently contemporaneous in execution, and the further fact that Fowler's mortgage was first recorded.   This results from the fact that the plaintiff's mortgage was simply an extension *pro tanto* of his previously existing purchase-money mortgage, which fact Fowler knew when he took his mortgage, and voluntarily accepted it with the knowledge that it was intended to be, as it was in fact, a subsequent lien. *Jones* v. *Parker,* 51 Wis. 218, 8 N. W. 124."

The law fixes the rights of the mortgagees, basing the priority of liens upon date of execution and record.   A lien holder may waive the prior lien of his mortgage by an agreement that if another is subsequently executed it shall be the first lien on the mortgaged real estate. *Walters* v. *Ward,* 153 Ind. 578.   An agreement as to priority may be proved

by parol. *Hopler* v. *Cutler*, (N. J.) 34 Atl. 746; *Hendrick-son* v. *Woolley*, 39 N. J. Eq. 307.

Appellants claim that the conclusion that the $1,700 mortgage was a first lien, and the purchase-money mortgage a second lien, was erroneous, first, because from the face of the papers it appears that the deed and purchase-money mortgage took effect at the same instant, and that no other lien could intervene. The authorities cited show that by agreement another lien may intervene.

It is further argued that there was no mortgage to appellee association until the loan was approved one day after appellee's mortgage was in existence. Appellee's mortgage was executed to the association, being delivered to its attorney July 9, 1896. The association did not act upon the loan until July 12, 1896; it is upon these grounds that appellants claim that appellee had no mortgage until one day after the execution of appellants' mortgage, on July 11, 1896. It is also claimed that it did not become a lien until after it was recorded, September 15, 1896.

Appellants had notice of this mortgage. The court finds that appellants' mortgage contained the following provision: "The said Albert C. Jaleski having executed a mortgage to the Provident Saving, Loan and Investment Association of Indianapolis, Indiana, dated July 9, 1896, for $1,700", etc. The findings of the court show that appellants are not subsequent *bona fide* mortgagees.

Appellants further claim that the court can not read into the contract of the parties preliminary negotiations, intention, or mistakes out of the essence of the written agreement. The only agreement involved here is as to the priority of liens, and we have seen that priority of liens may be waived by agreement is supported by the authorities. If, as claimed, appellants and appellee were strangers to each other in the transaction, still a contract may be enforced by the party for whose benefit it is made.

It remains then only to determine whether the intention, understanding, or agreement of the parties to this appeal

has been found by the court, and what that understanding was. Finding seventeen is as follows: "That the cross-plaintiffs, Rose and Rose, knew at the time of the execution and delivery of their said deed to said defendant, Jaleski, and at the time of the execution and delivery of the note for $300 and of the mortgage securing the same, of the signing of the bond and of the signing and acknowledgment of the mortgage to the plaintiff association; and it was intended and understood by them that the mortgage to said association was to be a first lien upon the real estate therein described; and it was understood and intended by all the parties to said transaction that the mortgage to said Rose and Rose, securing said note of $300, should be second and an inferior lien to the mortgage of the plaintiff association."

The finding is conclusive that the parties intended and understood that the appellee's mortgage should have priority over that of appellants, and that they acted upon that understanding.

Judgment affirmed.