OLSON et ux, Appellants, v. COLTON SAVINGS BANK, Respondent.

(213 N. W. 364.)

(File No. 6367.   Opinion filed April 11, 1927.)

1.  **Homestead—Vendor and Purchaser—Homestead Acquired By Son Under Contract For Purchase From Father Was Subordinate To Father's Interest In Unpaid Purchase Price.**

    Where father contracted to sell property to son, homestead rights acquired by son and his wife were subordinate to father's rights under contract of sale, and could not attach as an interest in land superior to unpaid part of purchase price due the father.

2.  **Homestead—Mortgages—Mortgage To Bank Covering Balance Due On Purchase Price Under Sale From Father to Son, Not Signed By Son's Wife, Held Superior to Son's Homestead (Rev. Code 1919, § 541, as Amended by Laws 1921, c. 255).**

    Where father contracted to sell property to son, mortgage subsequently executed by father and son to third party covering unpaid balance due to father was valid and did not affect homestead interest of son and his wife, though mortgage was not signed by son's wife as required by Rev. Code 1919, § 451, as amended by Laws 1921, c. 255.

3.  **Homestead—Finding That Balance Due Under Contract For Sale Exceeded Mortgage Given By Vendors and One of Purchasers Held Warranted (Rev. Code 1919, § 2846 et esq.).**

    In action under Rev. Code 1919, § 2846 et seq., to determine adverse claims to realty between plaintiffs claiming homestead and defendants claiming under mortgage given by plaintiffs' vendors and joined in by one of plaintiffs, finding that at time mortgage was executed there was due on contract of sale by plaintiffs sum in excess of amount of mortgage held warranted by evidence.

4.  **Homestead—Mortgage Executed By Father and Son To Bank Covering Balance Due on Property Purchased by Son From Father Held Valid In Part As Against Homestead Claim.**

    Where son contracting to purchase property from father executed mortgage with father to bank for balance due, payment by son to father of part of principal sum due on contract would leave mortgage valid for balance due at time it was executed.

Note.—See, Haednote (1), American Key-Numbered Digest, Homestead, Key-No. 96, 29 C. J. Sec. 212; (2) Homestead, Key-No. 96, 29 C. J. Sec. 217; (3) Homestead, Key-No. 214, 29 C. J. Sec. 462 (Anno); (4) Homestead, Key-No. 96, 29 C. J. Sec. 98.

As to effect of purchase money mortgage over homestead rights, see 13 R. C. L. 606.

Appeal from Circuit Court, Minnehaha County; Hon. John
T. Medin, Judge.

Action by Clarence M. Olson and wife against the Colton
Savings Bank of Colton. From a judgment for defendant and
an order denying new trial, plaintiffs appeal. Affirmed.

Krause & Krause and Ervin P. Van Buren, both of Dell Rapids, for Appellants.

Danforth & Barron, of Sioux Falls, for Respondent.

GATES, J. This is an appeal by plaintiffs from a judgment
for defendant and from an order denying new trial.

One Markus Olson was the owner of a quarter section of
land in Minnehaha county. In 1919 he and his wife entered into
a written contract with their son, Clarence M. Olson, whereby they
agreed to sell and he agreed to purchase said land at the price of
$26,000. One half thereof was evidenced by an existing mortgage
assumed by the son. The other half was to be paid within 10
years with 5 per cent annual interest. The son and his wife,
plaintiffs herein, moved upon the land in January, 1920, and made
valuable improvements and claimed to be occupying the land as a
homestead. On April 13, 1923, the said Markus Olson and wife
mortgaged the land to defendant to secure the payment of $12,000
evidenced by three promissory notes of $4,000 each, signed by said
Markus Olson, and two of which were also signed by said Clarence
M. Olson. The said Clarence M. Olson also joined with his
parents in the execution of said mortgage, but his wife did not,
and it was filed for record in the register of deeds office on April
16, 1923. The trial court found that said $12,000 promissory
notes constituted a debt of said Markus Olson to the bank, and
that there was then unpaid on the contract of purchase of said
land a sum in excess of the amount of said notes. On March
12, 1924, the parents conveyed the land to Clarence M. by deed,
which contained the following clause, "subject to liens and incumbrances of record in said Minnehaha county which the grantee
assumes and agrees to pay."

This action was brought under the provisions of section 2846
et seq., Rev. Code 1919, to determine adverse claims to said real
estate, the plaintiffs claiming said land as a homestead since the
time of the execution of said contract of sale. The defendant set

up its said mortgage. The trial court found for defendant and entered judgment adjudging its mortgage to be a purchase-money mortgage and a lien on the land paramount and superior to the rights of plaintiffs therein.

It is the contention of appellants: (a) That under the evidence the defendant's mortgage was not a purchase-money mortgage; (b) that under the law the defendant's mortgage was not a purchase-money mortgage; and "(c) at all events the defendant's mortgage is not superior to the homestead right of Irene Olson, because under the facts and the law of this case, once the homestead right attached, Clarence Olson and his father could not enlarge or increase the burden imposed by the contract of purchase without the consent of Clarence Olson's wife."

Section 451, Rev. Code 1919, as amended by chapter 255, Laws 1921, is as follows:

"§ 451. *How Conveyed or Incumbered.*—A conveyance or incumbrance of the homestead by the owner, if married, and both husband and wife are residents of this state, shall be invalid unless both husband and wife concur in and sign or execute such conveyance or incumbrance either by a joint instrument or by separate instruments."

[1, 2] It is entirely clear that whatever homestead right existed in the plaintiffs was subordinate to the right of the father under the contract of sale. In their brief appellants concede this. It is clear therefore that the homestead right could not attach as an interest in the land superior to the unpaid $13,000 due the father. In other words if at the time the contract of sale was made the transaction had been closed by the execution and delivery of a deed and the execution and delivery of a mortgage signed by Clarence M. Olson alone, without the signature of his wife, for the unpaid $13,000, the mortgage would have been superior to the homestead interest. Hickman v. Long, 34 S. D. 639, 150 N. W. 298. Therefore, without the consent of the wife of Clarence M., the father and Clarence M. had the undoubted right to agree to an incumbrance of the land as representing the balance, or a portion of the balance, due the father on the contract of sale as an equivalent of a purchase-money mortgage. Clarence M. both by joining in the mortgage and later by assuming it did so agree. The homestead interest of Clarence M. and his wife would not be

affected by such a transaction, and the consent of the wife of Clarence M. to such an incumbrance would not be necessary to insure its validity. 29 C. J. 866, § 217; Jones v. Parker, 51 Wis. 218, 8 N. W. 124; Austin v. Underwood, 37 Ill. 438, 87 Am. Dec. 254; Magee v. Magee, 51 Ill. 500, 99 Am. Dec. 571; Clark v. Munroe, 14 Mass. 351. The mortgage to the bank in so far as it did not encroach upon the homestead interest was therefore valid under the findings of the trial court.

[3]    But plaintiffs contend that the trial court's finding which was to the effect that at the time the mortgage was given there was due on the contract of sale a sum in excess of $12,000 is not warranted by the evidence. The only evidence on this subject was that of Clarence M. He vaguely testified that at one place in the record that he had paid his father $2,500, and at another place that the sum paid was $3,000. It did not appear that he had kept any account. He did not say when and in what amounts the payment or payments were made, and a portion of the record would justify the inference that whatever payments he did make were made upon the interest rather than on the principal.

[4]    But even if Clarence M. had paid $3,000 upon the principal sum due on the contract, then the mortgage to the bank would only encroach upon the homestead interest to the extent of $2,000. The mortgage would be valid up to the amount of $10,000.

Clarence M. further testified that at the time the deed was executed and delivered he closed the transaction with his father by giving a further mortgage on the land to his mother in the sum of $5,000, in which mortgage the wife of Clarence M. joined. He testified as follows:

"After I received this deed from my father, my wife and I joined in a mortgage to my mother for $5,000, which was considered part of the purchase price.

"Q.    And when you received this deed, Exhibit B, you assumed the mortgages that were on record? A. As far as I am concerned; yes.

Q.    And that was the manner in which you were making this settlement with your father, assuming the mortgages that were on record and also giving back to your mother a mortgage for $5,000 on the property? That is the way you settled up the contract? A. As far as I am concerned; yes, sir."

If at that time he had, by assuming the bank mortgage, over-paid his father upon the contract in the sum of $2,000, it is difficult from the record to believe he would have bound himself to pay an additional $5,000 in order to secure the deed. In this view and in view of the unsatisfactory character of the testimony of Clarence M. with reference to payments made to his father, we are disinclined to overturn the finding of the court above referred to.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and SHERWOOD, J., concur.

POLLEY and BURCH, JJ., not sitting.