## COLTON SAVINGS BANK, Respondent, v. OLSON, et al, Appellants.

(226 N. W. 265.)

(File No. 6477.  Opinion filed June 27, 1929.)

*Krause & Krause* and *Ervin P. Van Buren,* all of Dell Rapids, for Appellants.

*Danforth & Barron,* of Sioux Falls, for Respondent.

FULLER, C. Defendants Olson appeal from a judgment, in foreclosure of a real estate mortgage, which was entered below in favor of respondent Colton Savings Bank, and from order overruling motion for new trial. This action, between the same parties, involves the identical questions, with respect to the validity of respondent's mortgage, as the case of Olson v. Colton Savings Bank which, on appeal, was considered by this court in opinion reported in 51 S. D. 253, 213 N. W. 364. At the trial of this case, and while the appeal in former case was pending, respondent offered in evidence the judgment roll of Olson v. Colton Savings Bank, supra, as evidence of the validity of its mortgage.

Appellant argues that, by reason of the appeal from the former judgment, its effect was suspended and that the same was not competent evidence of a decision of the questions above mentioned although no supersedeas was provided for or given on the former appeal. Whether the decision in the former case was properly admitted in evidence, and whether it constituted an estoppel against a retrial of the same issues between the same parties pending the former appeal, it is unnecessary to consider. Granting all of appellant's contention, in this behalf, we can but have again to consider the same questions of law based upon the same evidence. Of all such questions, the former decision is at least a precedent now applicable and controlling.

The first action, in which appeal was taken, was commenced by Clarence M. Olson, a defendant in this case, and his wife, against the plaintiff in this case to determine adverse liens upon or interests in real estate; while this action, with the position of the parties reversed, is for the foreclosure of plaintiff's mortgage. On this appeal certain questions, pertinent to the mortgagee's right to recover, are presented which were apparently not involved in the issue of the former case. As these questions are argued by both parties, without protest, they will now be considered without any intention to pass upon the question whether the former judgment is res adjudicata as to all matters pertaining to the validity of the mortgage and to respondent's right to enforce the same in foreclosure.

Appellant contends that the mortgage was inadmissible in evidence under chapter 113, Laws of 1919, section 9 of which provided for a registration tax on real estate mortgages and that:

"No mortgage * * * subject to the registry taxes * * * shall be * * * received in evidence * * * unless the registry taxes * * * shall have been paid. No judgment or final order * * * shall be made for the foreclosure or enforcement of a mortgage which is subject to the registry taxes imposed * * * unless such taxes shall have been paid as hereinbefore provided."

This particular mortgage was made April 13, 1923, and recorded April 16, 1923, without the payment of the registary tax. By chapter 110, Laws 1923, chapter 113 of the Laws of 1919, supra, was repealed. An emergency clause was attached to the act and it was approved February 7, 1923, before the execution and recording of the mortgage above mentioned.

Appellant contends that the repeal of the former act was not a proper matter of emergency in the repealing act; and that the former act remained in force until July 1, 1923, the date when the act would become effective if it were not properly passed with the emergency clause. Chapter 113, Laws 1919, did not purport to affect the validity of any mortgage. And even though a mortgage affected by its terms could not be admitted in evidence, or judgment of foreclosure entered thereon, without payment of the tax, it is to be noted that this mortgage was not offered in evidence and foreclosure was not decreed until after July 1, 1923. Assuming without deciding that the repealing act did not go into effect until the last-named date, the repealed act involved, so far as this appeal is concerned, a mere matter of procedure; the mortgagee's right to the remedy of foreclosure, without payment of the tax, being denied or suspended until the tax might be paid. By the repeal the restrictions on respondent's remedy of foreclosure were removed. No saving clause, or language making the former law applicable to pending actions, was included in the repealing act, and the effect thereof was to obliterate the statute repealed as if it had never existed. Vance v. Rankin, 194 Ill. 625, 62 N. E. 807, 88 Am. St. Rep. 173, 174. Of that effect appellant may not complain, for the repealed law does not purport to vest, or recognize, in the mortgagor any right or remedy whatever. Appellant acquired no rights under the repealed law, and whether a tax on this mortgage was in fact payable to the state is of no importance here.

■ Appellant contends that an allowance of $250 attorney's fee in the judgment of foreclosure was erroneous because no evidence was offered with respect to the value of the attorney's service, or in proof of the nature and amount of service rendered. But it was proper for the trial court to base an allowance of attorney's fee upon matters, with respect to the service rendered, within its own observation. The mortgage debt in this case was $15,137.20. It cannot be said to appear that the trial court abused its discretion in the allowance of the above-stated fee. Fruth v. Bolt, 39 S. D. 371, 164 N. W. 270.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.