HARRIS *v.* CITIZENS TRUST COMPANY ET AL.

[No. 13,495. Filed November 20, 1929. Rehearing denied February 26, 1930. Transfer denied January 6, 1931.]

*Wendell O. Harris* and *Atkinson & Husselman,* for appellant.

*Heaton, Shiffer & Flanagan,* for appellees.

MCMAHAN, C. J.—Action by Citizens Trust Company against Harvey D. and Mary E. Miller, Emmett V. Harris and others, on a note executed by Miller and Miller and to foreclose a mortgage given to secure the note. Cross-complaint by Harris against Miller and Miller and the trust company on a note signed by Miller

and Miller and for a foreclosure of a mortgage given to secure the same.

The complaint is in two paragraphs. The first paragraph alleges that, on April 16, 1925, Miller and Miller, by their note, promised to pay the plaintiff $8,000, five years from date, and that they, being the owners of certain described real estate, executed their mortgage thereon to secure the payment of the note; that the Millers subsequently sold and conveyed the real estate to Harris, who, in consideration thereof, assumed and agreed to pay the amount due the plaintiff; that plaintiff was compelled to pay taxes and insurance, provision therefor being made in the mortgage, and that, because of failure to pay interest when due, the whole of the debt was due.

The second paragraph alleges that, on April 16, 1920, Herbert E. Dean and wife, were the owners of the real estate described in the first paragraph; that they, on said day, by their first mortgage real-estate bond, promised to pay plaintiff $8,000, five years thereafter, and, as security therefor, gave plaintiff a mortgage upon the same land; that, on said last-named day, the Deans executed to plaintiff their second real-estate bond whereby they promised to pay plaintiff $2,000, five years thereafter, and, to secure the same, executed a second mortgage, with the agreement and understanding that plaintiff would assign the same to Harris and that the second mortgage and bond should be a second lien on the real estate and subsequent to the mortgage for $8,000; that said mortgages were thereafter recorded in the order of their execution; that, prior to April 16, 1925, the real estate was transferred to Miller and Miller, subject to said mortgages; that, on April 16, 1925, it was the desire and intention of plaintiff, Miller and Miller and Harris to renew said bonds and mortgages on the same terms as the prior mortgages, except as to the rate of interest, and that the $2,000 mortgage should be for

two years instead of for five years; that, on said last-named day, Miller and Miller, by their first mortgage real-estate bond, promised to pay plaintiff $8,000, five years thereafter and, to secure the same, executed their mortgage on the real estate; that, on the same day, but after the execution of the last-mentioned bond and mortgage, Miller and Miller, by their real-estate bond, promised to pay plaintiff $2,000, two years thereafter and, to secure the same, executed to plaintiff their mortgage on the same real estate; that, when said bonds and mortgages were so executed by Miller and Miller, it was agreed and understood that they were executed to plaintiff in renewal of the bonds and mortgages executed by the Deans, and that the last-named bond for $2,000 and the mortgage securing it were executed to plaintiff for the sole purpose of assigning the same without recourse to Harris, each of said mortgages being recorded in the order of its execution; that the $2,000 bond and mortgage last executed were, on said day, in writing, assigned to Harris; that, when said bonds and mortgages were executed, it was the intention of all the parties that the lien of the $2,000 mortgage should be second and subsequent to the $8,000 mortgage and that the said bonds and mortgages should be prepared in the same words as were the prior bonds and mortgages executed by the Deans, with the exception of the above-mentioned changes, but that the scrivener who prepared them, by error and mistake, omitted from the $2,000 mortgage the provision that it was to be second and subsequent to the $8,000 mortgage. The remaining allegations of this paragraph are the same as the first paragraph. Copies of each of the several bonds and mortgages mentioned in each paragraph are made part thereof.

Appellant's cross-complaint is in the ordinary form of a complaint seeking a judgment on the $2,000 note dated April 16, 1925, for foreclosure of the mortgage given to

secure it, and asking that this mortgage be declared to be a lien prior to that of appellee's mortgage.

Appellant filed separate answers to each paragraph of the complaint. These answers are: (1) a general denial; (2) that the deed from Miller and Miller conveying the mortgaged real estate to appellant containing the alleged agreement on the part of appellant to assume and pay the two mortgages was executed by the Millers and recorded by them without appellant's knowledge or consent, and that the same was, in an action brought by him for that purpose, adjudged null and void. The third paragraph of answer to the first paragraph of complaint is a verified answer denying the execution of that deed. The fourth paragraph of answer to the first paragraph of complaint alleges that the $8,000 bond and mortgage, and the $2,000 bond and mortgage, were executed the same day, delivered to the recorder and recorded at the same time that the $2,000 note was, in writing, assigned by appellee and delivered to appellant, and that it is a prior lien to that of appellee's mortgage.

The third paragraph of answer to the second paragraph of complaint alleges that in 1920, when the two mortgages executed by the Deans were in force, the Deans conveyed the real estate to Reese Davis, who assumed and agreed to pay said mortgages; that in 1923, Davis and wife conveyed the real estate to Miller and Miller, who also assumed and agreed to pay said mortgages; that thereafter, the Millers executed new notes and mortgages; that, before such new notes and mortgages were executed, appellant called at the office of appellee and was shown the notes and mortgages to be executed and learned that the $2,000 note and mortgage were being made a first and prior mortgage on the real estate; that said notes and mortgages were executed by the Millers and delivered to appellee and by it recorded and the $2,000 note and mortgage assigned to appellant

and sent to him by mail and accepted by him, and the original note and mortgage held by him surrendered and released of record by appellee; that Dean and Dean and Davis and Davis were liable for the payment of the original $2,000 note and mortgage, were solvent, and that the same could have been collected from them, but, believing he was receiving a first mortgage, and that appellee's mortgage was junior to his mortgage, he accepted the same in payment of the mortgage theretofore held by him; that the mortgaged property is not worth the amount of the two mortgages and that he consented to the release of the $2,000 mortgage given by the Deans because he believed he was getting a first lien and asks that appellee be adjudged to be estopped from claiming a mortgage lien prior to that of appellant.

The fourth paragraph of this answer is, in substance, the same as the third, the material difference being that it alleges that appellant was not willing to accept a new note and mortgage for longer than two years while appellee, believing the value of the real estate was in excess of the mortgage indebtedness, desired and arranged for a five-year loan at an increased rate of interest and was willing that appellee should be given a two-year note and mortgage and that appellant believed and understood that he was getting a first mortgage, and, so believing, accepted the new and second mortgage.

A denial with other paragraphs of answer was filed to the cross-complaint, which was met by a reply, but no new issues being presented thereby, we will not set out such other answers and reply. While appellant contends the court erred in overruling his demurrers to some of the paragraphs of answers to his cross-complaint and to some of the paragraphs of reply, we do not deem it necessary to set them out or to determine the correctness of such rulings, as the same questions are presented by the exceptions to the conclusions of law.

The facts as found by the court are, in substance, as follows: Dean and Dean, on April 16, 1920, borrowed $8,000 of appellee, and executed the note and mortgage to appellee as mentioned in the second paragraph of complaint; that, on said day, Dean and Dean, being indebted to appellant in the sum of $2,000, gave a mortgage on the same real estate to secure that note as alleged in the complaint; that appellee did not advance any part of said $2,000 to the Deans, but that such note and mortgage were taken in the name of appellee for the benefit of appellant and immediately assigned to appellant, although appellant never had his assignment recorded; that, in April, 1920, the Deans, by warranty deed, conveyed the real estate to Davis, who assumed and agreed to pay both of said mortgages; that in 1923, Davis and wife sold and conveyed the real estate to Miller and his wife by warranty deed, Miller and Miller assuming and agreeing to pay both mortgages. When these mortgages became due, the Millers were not able to pay the same and applied to the mortgagees for an extension of time; that appellee agreed with Miller that it would renew its mortgage of $8,000 for a period of five years if appellant would renew or release his mortgage of $2,000; that appellant, on being requested by Miller to extend the time of payment of his mortgage, agreed with Miller that he would extend the time of payment two years and authorized Miller to notify appellee and authorized appellee to fix the papers for the purpose, and Miller did as directed. On April 16, 1925, a scrivener, employed in the office of appellee, prepared two mortgages and notes or bonds to go therewith on blank forms of appellee. The first mortgage was for $8,000, due in five years, a copy of which is filed with appellee's complaint. In connection therewith, she prepared a bond or note for $8,000 due in five years. It was the purpose and intention of all the parties that said mortgage and note

were given in renewal, and such mortgage and bond were given for no other purpose. The scrivener then prepared a mortgage and bond for $2,000 on like forms, payable to appellee two years thereafter, that being the amount then due appellant. This mortgage covered the same land as covered by the first mortgage. It was the understanding and intention of the parties that the mortgages so executed in April, 1925, should be in renewal of the mortgages theretofore held by appellant and by appellee, and under the same conditions and governed by the same rules governing the original and first mortgages; that the mortgages were for the same debts and upon the same property as the original mortgages, and intended to be and were, in fact, simply renewals of the prior obligations; that the mortgages were recorded in the order of their execution and appellee, at that time, was notified that his mortgage was second and subordinate to the $8,000 mortgage and governed by the same rules as governed the first two mortgages and that, as soon as the $2,000 mortgage was recorded, it would be delivered to appellant; that, when appellant surrendered his first note and mortgage and accepted the new note and mortgage, he understood and believed he had only a second mortgage and that it was subordinate to the mortgage of appellee and so continued to believe until long after this suit was commenced, when he made claim that his mortgage was prior to appellee's mortgage; that it was the understanding and intention of all the parties that appellee would have a first lien on the real estate and that appellant should have a second lien; that the $8,000 due appellee was for money actually paid upon the execution of the first mortgage as above mentioned; that the second mortgage to appellant was for a debt due appellant prior to the time when his first mortgage was given. It is further found that the land so mortgaged is not worth more than $6,000; that the amount

due appellee, including attorney fees, is $11,318.32; that there is due appellant, including attorney fees, $2,836.26; that such mortgage should be foreclosed and that the lien of appellee's mortgage was a first lien and prior to the lien of appellant's mortgage.

Upon these facts, the court concluded, as a matter of law: (1) That appellee was entitled to a judgment against the Millers for $11,318.32, and to a foreclosure of its mortgage against all defendants and that the amount so due appellee was a first lien on the real estate; (2) that appellant was entitled to judgment against the Millers for $2,830.26, to a foreclosure of his mortgage, and that, on the sale of the real estate, after payment of amount due appellee and the costs, the balance of the proceeds should be applied on amount due appellant.

Appellant excepted to each conclusion of law. After judgment in accordance with the conclusions of law, appellant filed a motion for a new trial, the reasons assigned being: (1) That the decision is contrary to law; (2) that it is not sustained by sufficient evidence; and (3) error in admitting and in excluding evidence. Of the 59 specifications in this motion, 22 relate to the admission of evidence and 25 relate to the exclusion of evidence.

Appellant has devoted 18 pages of his brief to "Propositions of Law, Points and Authorities." No attempt, however, has been made to direct or apply any of these propositions, points or authorities to any particular assignment of error or reasons set out in the motion for a new trial or for a reversal.

The only proposition that can be construed as applying to the admissibility of evidence is the sixth proposition, which is that "parol proof is admissible only where there is no priority expressed in the mortgage." More than 15 of the specifications in the motion for a new trial relate to the admission of parol evidence, and appellant has nowhere in his brief, outside of his motion for a new

trial, shown that any oral testimony was introduced over his objection or that any exception was taken to the introduction of any testimony. So far as is shown by the brief, no objection was made to the introduction of any parol evidence and no exception was taken. No attempt has been made to show any error in the exclusion of any evidence, nor has any attempt been made to show error in the admission of any documentary evidence.

Appellant, in his first proposition, says: "The question involved in this appeal is the priority of mortgage liens. . . . Appellant claims that the lien of the $2,000 mortgage is a prior and superior lien to that of the $8,000 mortgage." Each of the other propositions, except 6, seems to be directed to that contention, and, as we understand the propositions, they apply to the contention that the court erred in the conclusions of law.

Appellant, in support of his contention that the court erred in the conclusions of law, says that, when two mortgages are executed at the same time to secure debts which mature at different times, it is the prior lien which secures the payment of the note which first becomes due; that the rule is the same as it is when one mortgage secures debts maturing at different times; and that the court cannot look outside of the instrument to get the intention of the parties, but that the intention must be ascertained from the language used in the instrument.

"Where several mortgages are executed and recorded at the same time, whether the parties intend that one of them should have priority is a matter of fact for the jury to determine from the evidence of such intention." Jones, Mortgages (7th ed.) §697a, citing *Rose* v. *Provident, etc., Assn.* (1901), 28 Ind. App. 25, 62 N. E. 293; *Utley* v. *Dunkelberger* (1892), 86 Iowa 469, 53 N. W. 408; *Gilman* v. *Bank of Mazeppa* (1896),

94 Wis. 351, 68 N. W. 998; *Jones* v. *Parker* (1881), 51 Wis. 218, 8 N. W. 124. In §608, the same author says: "The parties may, as between themselves, make a valid agreement, though it be verbal only, and the order of record is then immaterial unless they are subsequently assigned to other persons, who have no notice of the agreement."

The original mortgage bond of $2,000, given by the Deans to appellee, and the mortgage given to secure it, were given for a debt which the Deans then owed appellant. Why they were not taken in the name of appellant who was the owner of the debt is not disclosed. No consideration for such bond and mortgage moved to or from appellee. It would seem that appellee was a trustee holding the bond and mortgage for appellant. That mortgage and the lien thereof were subject to the lien of appellee's mortgage executed by the Deans. The new mortgages given in 1925 were given to secure the same debts as were secured by the mortgages executed by the Deans. The record is also silent as to why the $2,000 note and mortgage executed in 1925 were made to appellee and by it transferred to appellant. It seems certain that, in this transaction, appellee was also acting as a trustee—a conduit—for appellant, and that, at all times, appellant was, in fact, the owner of the debt evidenced by that note and secured by that mortgage.

There is not, in our opinion, any merit in this appeal or in appellant's contention. A righteous and correct result has been reached, and on the authority of *Rose* v. *Provident, etc., Assn., supra,* we hold the court did not err in the conclusions of law, or in the admission of any evidence.

Judgment affirmed.

## ON PETITION FOR REHEARING.

McMAHAN, J.—Appellant insists we erred in failing to set out more fully his several paragraphs of answer and his reply to the answer to his cross-complaint and in stating that the question presented by the demurrers thereto is the same as is presented by the exceptions to the conclusions of law. As was stated by appellant in his original brief, "The question involved in this appeal is the priority of mortgage liens." That question is fully presented by the exceptions to the conclusions of law. This being true, it is not necessary to set out at length the pleadings or to discuss the correctness of the rulings on the several demurrers. While one of the specifications in the motion for a new trial relates to the sufficiency of the evidence to sustain the decision, none of appellant's points and authorities was directed to that specification. No attempt was made to show that the court failed to find any fact upon which there was any evidence, or to show that any fact was found on which there was no evidence. Appellant, in his petition for a rehearing, does not challenge our statement of the facts as they were found by the court.

Rehearing denied.